Mr. Chief Justice Shaheet
delivered the opinion of the court.
The appellant filed his bill to set aside an award, and the ap-pellees, by cross bill, pray a specific performance. The whole matter depends upon a written contract between the parties under which the award was made. It appears that the parties agreed to exchange with each other two eighty acre tracts of land, and that the appellant agreed also to sell the appellees a certain other eighth. ■ The terms on which the exchange and sale were to be made, were by the contract to be ascertained and fixed by arbitrators, to be chosen, one by each, with power to elect an umpire.
By the contract the arbitrators were to meet at a certain place, on a certain day, and in case either failed to be present, at the time and place with his arbitrator, the other was to proceed and have the award made. The appellant did not appear, but the ap-pellees did, and had the award regularly made. The ground on which it is sought to be set aside is, that the appellant was induced by Vick to believe that it would be postponed. That he saw Vick but a short time before the timé, and stated to him that he (Cook) must get a certain person who resided at some distance, *883 as arbitrator, and that Vick advised and induced him to defer it, as the weather was bad, and proposed that it could be done at another time. There is an allegation that the award is unjust. These statements in the bill are positively denied by the answer, and there is no proof on the subject.
It appears by an examination of the contract, that the award was made in strict compliance with its terms and conditions; and it also appears by proof that the appellees actually paid part of the purchase money, and have in all things offered to fulfil their contract. Under these circumstances the chancellor decreed in favor of the appellees, and that Cook should convey the land according to his contract, on payment of the money now due.
We see nothing to justify a reversal of the decree. On the contrary, it is in accordance with the contract of the parties,'and must be sustained.